UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN DEWAYNE HUGHES, #182524,

        Petitioner,

v.                                      CASE NO. 10-13255
                                       HONORABLE ARTHUR J. TARNOW

CATHERINE BAUMAN,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A RULING,
BUT DECLINING TO ALTER OR AMEND THE COURT'S PRIOR RULING**

**I. Introduction**

On August 17, 2010, petitioner Marvin Dewayne Hughes filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner's first habeas claim challenged his forfeiture of thirty days of earned sentence-reduction credits, which resulted from a finding of guilt in a prison disciplinary matter. Petitioner's second and third habeas claims challenged his 1986 convictions and sentence for assault with intent to rob while armed, two counts of armed robbery, two counts of assault with intent to commit great bodily harm less than murder, and four counts of breaking and entering.

On August 30, 2010, the Court dismissed Petitioner's first claim without prejudice because Petitioner had not exhausted any state remedies for his challenge to the prison disciplinary matter and the forfeiture of sentence-reduction credits. The Court then transferred the petition to the United States Court of Appeals for the Sixth Circuit for a

*Hughes v. Bauman*, No. 10-13255

determination on whether Petitioner's remaining claims were second or successive to Petitioner's prior habeas petition, which challenged the same convictions.

Petitioner filed objections to the Court's order on grounds that he had no administrative remedies to exhaust for his first claim and that his pleading was not a second or successive petition. The Court failed to address Petitioner's objections, and on August 3, 2011, the Court of Appeals denied Petitioner's request for leave to file a second or successive habeas petition [dkt. #5]. The Court of Appeals stated in its order that Petitioner had filed prompt objections to the district court's ruling and that those objections had not been ruled on even though they could be construed as a motion to alter or amend the district court's judgment. *See In re Marvin Dewayne Hughes*, No. 10-2123 (6th Cir. Aug. 3, 2011).

Petitioner recently filed a motion for a ruling on the objections that he filed in this Court on September 10, 2010. He contends that he cannot proceed with an appeal on his first claim until the Court rules on his objections.

## II. Discussion

The Court construes Petitioner's objections to the Court's previous order as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). "A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *ACLU of Ky. v. McCreary Cnty, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (end citations omitted), *cert. denied*, __ U.S. __, 131 S. Ct. 1474 (2011).

*Hughes v. Bauman*, No. 10-13255

## A. The Transfer of Petitioner's Second and Third Habeas Claims to the Court of Appeals

To the extent that Petitioner is still objecting to the Court's transfer of his second and third claims to the Court of Appeals as a second or successive petition, the motion to alter or amend the judgment is denied. The Court of Appeals determined in its order dated August 3, 2011, that Petitioner could not satisfy the requirements for filing a second or successive petition. The Court of Appeals noted that Petitioner's claims were similar to ones he raised in his first habeas petition and, even if the claims were different, they did not rest on newly discovered facts or on a new and retroactive rule of constitutional law. Under the law-of-the-case doctrine, this Court may not reconsider the Court of Appeals decision that Petitioner's habeas petition was second or successive. *Keith v. Bobby*, 618 F.3d 594, 595, 599 (6th Cir. 2010).

## B. The Dismissal of Petitioner's First Claim

The remaining question is whether the Court erred in dismissing Petitioner's first habeas claim for failure to exhaust state remedies. The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims to the state court before raising them in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy this requirement, a habeas petitioner must present his or her issues to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "It is the petitioner's burden to prove exhaustion," *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), and "[a]lthough the exhaustion doctrine is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir.

3

*Hughes v. Bauman*, No. 10-13255

2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim." *Id.* at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

Petitioner contends that he has no administrative remedies to exhaust because he is challenging the forfeiture of disciplinary credits, not the actual disciplinary conviction. Although Petitioner may not have any administrative remedies to exhaust, he should be able to file a state complaint for the writ of habeas corpus in the state circuit court for the county in which he is detained. *See* Mich. Ct. R. 3.303(A)(2). If the state circuit court denies his petition, he may file an original petition for the writ of habeas corpus in the Michigan Court of Appeals and in the Michigan Supreme Court. *See* Mich. Ct. R. 3.303(A)(1) and (2). Another option would be to file a petition for the writ of mandamus in the circuit court or in the Michigan Court of Appeals. *See* Mich. Ct. R. 3.305(A)(1).

The Court concludes that Petitioner has an available state remedy to exhaust. The Court therefore declines to alter or amend its prior ruling on Petitioner's first claim.

### III.  Conclusion

Petitioner has not demonstrated that the Court's prior order in this case constituted a clear error of law, and there is no newly discovered evidence, intervening change in controlling law, or need to prevent manifest injustice. Accordingly, Petitioner's motion for a ruling on his objections [dkt. #4] is **GRANTED**, but his objections to the Court's prior order [dkt. #3], which the Court has construed as a motion to alter or amend the judgment, are **DENIED**. The Court **GRANTS** a certificate of appealability on the portion of the Court's previous order, which

*Hughes v. Bauman*, No. 10-13255

required Petitioner to exhaust state remedies for his first claim. Petitioner also may proceed *in forma pauperis* on appeal.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 27, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 27, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant
